SCIRICA, Circuit Judge,
concurring, joined by Judge ROTH.
I join with my colleagues in affirming the judgment of the District Court. I write separately because I believe this case does not require us to decide whether to apply the categorical approach or the modified categorical approach to determine Muniz’s sentence. No matter which approach applies, 18 U.S.C. § 876(c) is a crime of violence and the District Court properly applied the career offender enhancement.
Muniz contends the modified categorical approach applies because there are two versions of Section 876(c) — one in which the defendant knowingly mails a threatening letter, and one in which the defendant recklessly mails a threatening letter.[1] Muniz maintains he pled guilty only to a crime of recklessness, contending the guidelines require proof of the defendant’s subjective intent to use physical force to carry out the threat. While the majority does not reach this argument, I would *70 reject Muniz’s contention the guidelines require proof of the defendant’s intent to use physical force. It is well established that “[tjhe Guidelines do not condition application of the enhancement on whether the defendant intended to make good on the threat.” U.S. v. Poff, 926 F.2d 588, 590 (7th Cir.1991) (en banc).
Likewise, had Muniz argued the guidelines require proof of a specific intent to threaten — assuming Section 876(c) itself does not require such proof — he would find no support. Several of our sister circuits have concluded Section 876(c) is a crime of violence, even though some of them assumed (pre-Elonis) mere negligence could suffice for a conviction under the statute. See United States v. Stoker, 706 F.3d 643, 648 (5th Cir.2013); United States v. Haileselassie, 668 F.3d 1033, 1035 (8th Cir. 2012); United States v. De La Fuente, 353 F.3d 766, 770-71 (9th Cir.2003); United States v. McCaleb, 908 F.2d 176, 178 (7th Cir.1990).
The result is the same if we apply the categorical approach. As the majority notes, there is a close alignment between the plain terms of the statute and the guidelines definition of a crime of violence. It is difficult to imagine a statute that more clearly “has as an element the ... threatened use of physical force against the person of another” than one that forbids mailing a letter “containing ... any threat to injure the person of the addressee or of another....” See U.S.S.G. § 4B1.2(a)(1); 18 U.S.C. § 876(c).
Because the career offender enhancement was properly applied no matter which method of review we employ, I would affirm the judgment of the District Court.

. As the majority notes, we have yet to decide whether recklessness suffices for a conviction under Section 875(c) and its companion statute, Section 876(c). See Elonis v. United States, — U.S. -, 135 S.Ct. 2001, 2012, 192 L.Ed.2d 1 (2015). The resolution of that question does not affect the outcome of this case.